562 P.2d 519 (1977)
STATE of Oklahoma, ex rel. DEPARTMENT OF INSTITUTIONS, SOCIAL AND REHABILITATIVE SERVICES, Petitioner,
v.
Earl LeVALLY, Associate District Judge, Carter County, State of Oklahoma, Respondent.
No. 50392.
Supreme Court of Oklahoma.
March 29, 1977.
Donald Lee Ritter, Oklahoma City, for petitioner.
Darrel F. Roberts, Asst. Dist. Atty., Ardmore, Larry Derryberry, Atty. Gen., State of Okl., Robert L. McDonald, Asst. Atty. Gen., and Toby Mash, Legal Intern, Oklahoma City, for respondent.
Samuel J. Veazey, Ardmore, for Mike Lee Willis.
*520 IRWIN, Justice:
On April 30, 1976, the Respondent, Judge Earl LeVally, in the Juvenile Division of the District Court, Carter County, adjudicated Mike Lee Willis, a child under eighteen years of age, to be a "child in need of supervision" [10 O.S.Supp. 1976 § 1101(c)], and placed said child on probation. On October 15, 1976, Respondent revoked the probation and set the matter for further hearing. On November 10, 1976, the Respondent placed the minor in the temporary custody of the Department of Institutions, Social and Rehabilitative Services (DISRS), and ordered DISRS to:
(1) transport said minor to the Lloyd E. Rader Children's Diagnostic and Evaluation Center at Sand Springs, Oklahoma;
(2) to cause a complete physical, psychological and psychiatric examination be made by staff personnel or others and that they make evaluations and diagnosis as such examination suggest, and report the same in writing to the court;
(3) to transport the minor back to the Children's Shelter in Carter County upon completion of the examination; and,
(4) upon return of the minor to the Children's Shelter, temporary custody reposed in DISRS would terminate without further order or action.
*521 DISRS (petitioner) objected to the order on a number of grounds but the respondent refused to vacate or otherwise modify it. In this original proceeding petitioner seeks a writ prohibiting respondent from enforcing the order.
10 O.S. 1971, § 1108(a) provides:
"Provision shall be made for the temporary detention of children in a detention center or facility operated by a public agency; * * * or the court may provide shelter or may arrange with any institution or agency to receive, for temporary care and custody, children within the jurisdiction of the court."
See also 10 O.S. 1971, § 1115(c) which authorizes the court to make "an appropriate order for detention of the child" during a continuance in dispositional hearings.
We find the respondent had the authority to provide for the temporary detention of the minor during the dispositional hearings and we find no error in placing the minor with petitioner for such temporary detention. However, by directing petitioner to transport the minor to a certain facility for examination, the respondent has in effect, ordered in what facility the minor should be detained. Where a trial court provides for the temporary detention of a minor by DISRS during a dispositional hearing, DISRS, and not the trial court is authorized to determine in which facility of DISRS, the minor will be detained. See 10 O.S. 1971, § 1135. Furthermore, the cost of transporting the minor to whatever facility is ultimately designated should be charged to the county. 10 O.S. 1971, § 1143.
Although 10 O.S. 1971, § 1120, authorizes the court to have a child examined by a physician, psychiatrist or psychologist, we find no statutory duty imposed upon petitioner to conduct such examination. Certainly there is nothing to preclude petitioner from conducting such examination, but it was beyond the scope of respondent's authority to order petitioner to so act.
Original jurisdiction assumed; and respondent is prohibited from attempting to enforce any portion of his order except that part which provides for the temporary detention of the minor during the pendency of the dispositional hearing.
HODGES, C.J., LAVENDER, V.C.J., and WILLIAMS, BERRY and BARNES, JJ., concur.
DOOLIN, J., dissents.